91 OS. 407.  Snyder v. Deeds.
Cited:  Chesapeake & Hock. Ry.
Co. v. Harrison Bd. Ed., OA. 5
Abs. 777.

92 OS. 415.  Polyclinic v. Balsh.
Cited:  Chesapeake & Hock. Ry.
Co. v. Harrison Bd. Ed., OA. 5
Abs. 777.

93 OS. 300.  Steel Co. v. Ianakis.
Followed:  Rinehart, Admr. v.
Wellston Iron Furnace Co., OA.
5 Abs. 741.

102 OS. 10.  Indust. Comm. v.
Musselli.
Distinguished:  Snyder v. Eu-
clid-105th Properties Co., OA. 5
Abs. 742.

102 OS. 460.  Roebling v. Cincin-
nati et.
Followed:  Akron v. Licten-
walter, OS. 5 Abs. 782.

107 OS. 161.  Loomis v. Toledo Ry.
& L. Co.
Cited:  Dayton Power & L. Co.

108 OS. 377.  Mason Tire & Rub-
ber Co. v. Lansinger.
Followed:  Rinehart, Admr. v.
Wellston Iron Furnace Co., OA.
5 Abs. 741.

109 OS. 291.  Rubber Co. v. Realty
Co.
Distinguished:  Snyder v. Eu-
clid-105th Properties Co., OA. 5
Abs. 742.

109 OS. 404.  Schwindt v. Graeff.
Followed:  Rinehart, Admr. v.
Wellston Iron Furnace Co., OA.
5 Abs. 741.

111 OS. 274.  Insurance Co. v.
Todino.
Followed:  McClure v. Gt. Am.
Mut. Ind. Co., OA. 5 Abs. 758.

114 OS. 631.  List v. Co-Operative
Assn.
Followed:  Brannon v. Ohio
Poultry Producers Co-Op., OA. 5
Abs. 757.

117 OS. 423.  St. Mary's Gas. Co. v.
Brodbeck.
Cited:  Dayton Power & L. Co.
v. Shade et, OA. 5 Abs. 746.

4 Abs. 299.  Conkle v. City of
Bellevue.
Followed:  B. & O. Southw. Rd.
Co. v. Village of Oak Hill et,
CP. 5 Abs. 779.

5 Abs. 316.  Glowacki v. Northw.
Ohio Ry. & P. Co.
Cited:  Dayton Power & L. Co.
v. Shade et, OA. 5 Abs. 746.

5 Abs. 652.  Dillon v. Cleveland.
Followed:  State ex v. Guion,
OS. 5 Abs. 799.

11 Oh. Ap. 96.  Garwood v. Oil
Co.
Supporting:  Follmer et v. Shai,
OA. 5 Abs. 743.

20 Oh. Ap. 279.  O'Malley v. O'-
Malley.
Followed:  McCafferty v. Crown-
over et, OA. 5 Abs. 776.

2 C. C. 63.  Nixon v. Van Dyke.
Supporting:  Radford et v. Kach-
man, OA. 5 Abs. 542.

2 C. C. (N.S.) 554.
Supporting:  Advance - Rumley
Thresher Co. v. Wirth et, OA.
5 Abs. 739.

8 C. C. 636.  Stone, Assignee v.
Bank.
Followed:  Advance - R u m l e y
Thresher Co. v. Wirth et, OA.
5 Abs. 739.

28 O. C. A. 44.  Johnson Electric
Co. v. Spence.
Supporting:  Radford et v. Kach-
man, OA. 5 Abs. 742.

32 O. C. A. 75.  Rowland v. State.
Followed:  Hepner v. Feil, OA.
5 Abs. 790.

7 O. N. P. (N.S.) 313.  1st Nat.
Bk. of Montpelier v. Mullen.
Followed:  Kovacs et v. Molnar,
OA. 5 Abs. 759.

197 U. S. 430.  L. & N. R. Co. v.
Barber Asphalt Paving Co.
Cited:  B. & O. Rd. Co. v. Oak
Hill Village, OA. 5 Abs. 777.

73 Atl. 1048.  Zelman v. Kaufherr.
Followed:  Sheafer et v. Poschke
et, OA. 5 Abs. 792.

57 Barb. 68.  Acer v. Merchants'
Ins. Co.
Followed:  Nat. Un. Fire Ins.
Co. v. Mulholland et, OA. 5 Abs.
771.

5 R. C. L. 944.
Followed:  North British &
Mer. Ins. Co. v. Garber, OA. 5
Abs. 746.

---

MILLER, Gdn. v. ALLEN, Exr. et.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1584.  Decided March 16, 1927.

First Publication of this Opinion.

1271.  WILLS AND LEGACIES—Where
widow elects to take under law, her rights in
estate are determined and provisions of will in
her behalf are superceded.

1197.  TRUSTS AND TRUSTEES—593.
Guardian and Ward—Trustees, under will with
power to manage estate and expend such por-
tion of net income as, in their opinion, may be
necessary for maintenance and education of
minor child, have authority to determine
amount to be expended.  Such amount must be
paid to guardian.

Appeal from Common Pleas.

T. C. Stillwell, Mt. Vernon, for Miller.
James A. Allen and James N. Linton, Co-
lumbus, for Allen.

FERNEDING, J.

This case is here on appeal.  It involve-
generally, a construction of the last will of
James Ross, duly probated in this county, al-
though in a more particular way it involves
but two questions.

First, did the trust, created under the will,
terminate by reason of the widow declining
to accept under the will and electing to take
under the law, and subsequently remarrying?

Second, if the trust did not terminate, do
the trustees have the right to fix the amount
payable from the estate for the maintenance
and education of the minor son, or does the
guardian have the exclusive right to fix such
amount, and must said amount, if it is to be
allowed by the trustees, be payable to the
guardian, or shall the trustees personally ex-
pend such money for such purposes?

There are three sections of the will which
are in controversy.  The first of these be-
queaths all of decedent's property, except
household goods, to trustees with full power
to sell and convey.  The second directs the
trustees, after paying all proper charges and
expenses incident to the management and
maintenance of the trust property, to pay such
portion of the net proceeds as, in their opinion,
may be proper and necessary, to the widow,
during the minority of the son, unless he de-
cease before reaching his majority, in which
event the net proceeds are to be paid to the
widow during her life, unless she, in the mean-
time, has remarried or shall thereafter remarry.
In the event of the remarriage of the widow
during the minority of the son, such portion
of the net income of the estate as, in the opin-
ion of the trustees, may be necessary, shall

be expended by them for his maintenance and education. The third item provides for the conveyance to the son, upon reaching his majority, of all of the trust estate, subject to an annuity, with which said estate shall be charged, of the sum of 50% of the net proceeds thereof, to be paid by the son to the widow, during her natural life, unless she has or does remarry.

James Ross died Nov. 30, 1923, leaving, surviving him, his widow and minor child James Ross, Junior, aged eight years. The widow elected to take under the law, and has remarried. The widow has been appointed, and is now acting as, guardian of said minor child.

We are of opinion that, by reason of the widow's election to take under the law, her rights in the estate are determined and the provisions of the will in her behalf are thereby superceded.

We think, however, that the trust, created by the will and imposed upon the trustees, in all other respects, except as to the interest of the widow, is continuing, and it becomes the duty of such trustees to make reasonable allowance for the maintenance and education of said minor child, commensurate with the amount and net income of the estate and the reasonable necessity for the maintenance and education of said minor child. The amount allowed for the support and education of the minor son should be made payable to, and expended by, the guardian, in this case the mother.

Decree accordingly.

(Kunkle and Allread, JJ., concur.)